■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MCKINLEY GRAY, Appellant.—Judgment, Supreme Court, New York County, rendered March 2, 1976, convicting the defendant upon his plea of guilty to the crime of attempted burglary in the third degree, and sentencing him to an indeterminate term of one and one-half to three years' incarceration, reversed, on the law, the plea vacated and the matter remanded for further proceedings. The defendant was charged with burglary in the third degree and petit larceny. At the plea, the following colloquy took place between the court and the defendant: "THE COURT: You understand the maximum penalty that one can receive by a plea of guilty to a class E felony is an indeterminate sentence not to exceed four years, that's the maximum penalty. Do you understand that? THE DEFENDANT: Yes, sir. THE COURT: Have you ever been previously convicted of a felony crime within the last ten years? THE DEFENDANT: No, I haven't. THE COURT: You understand that if you have been convicted of a felony crime within the last *ten* years the minimum sentence that the Court could impose would be a sentence of one and one-half to three years; do you understand that? THE DEFENDANT: Yes, sir. THE COURT: Should you not have been convicted of a felony crime within the last *three* years, the Court will limit your jail exposure or the sentence, maximum sentence that I could impose on you would be no more than one year; do you understand that? THE DEFENDANT: Yes. THE COURT: To no more than one year. You could receive less. You could receive a D.A.C. facility sentence. You understand all of that? THE DEFENDANT: Yes, sir. THE COURT: You understand that should I receive information, however, at the time of sentence which would indicate to me that jail is, indeed, indicated and *more than one year* would be the appropriate sentence, then in that event you would have the choice of accepting the sentence that I feel would be appropriate or you could withdraw your plea and go to trial on this indictment. You understand that? THE DEFENDANT: Yes, sir." (*Emphasis* supplied.) The defendant then pleaded guilty to attempted burglary in the third degree. Subsequently, the court discovered that the defendant was a

predicate felon. The defendant had been convicted four years previously of criminal possession of a dangerous drug in the fifth degree and he had received a six-month sentence upon that conviction. Before sentencing, the defendant learned that he was to be sentenced to a one- and one-half to three-year term as a predicate felon. The defendant then filed a motion to withdraw his plea on the ground that the court was not adhering to its bargain. Specifically, he alleged that the court promised that he would receive no more than a one-year sentence if he had not committed a felony within three years. The motion to withdraw was denied. On the sentencing date, the defendant was sentenced *in absentia* to a term of one and one-half to three years. The law is clear that, where a sentencing court keeps the promises it made at the time it accepted a plea of guilty, the defendant should not be permitted to withdraw his plea on the sole ground that he misinterpreted the agreement. Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof *(People v Cataldo,* 39 NY2d 578, 580). However, when the present plea bargain is viewed objectively, it is seen to be inconsistent, ambiguous and confusing to lawyer and layman alike. Initially, the court correctly informed the defendant that, if he had been convicted of a felony within ten years (Penal Law § 70.06, subd 1, par [b], cl [iv]), he could receive a sentence of one and one-half to three years' incarceration. The court then incorrectly informed the defendant that, if he had not committed a felony within *three* years, he would receive no more than a one-year term. In making this last misstatement, the court undoubtedly intended to say "ten" rather than "three" years. Neither the defense counsel nor the prosecutor moved to correct this highly misleading statement. Since the defendant may have relied upon this erroneous utterance in making his bargain with the court, the plea must be vacated. It should also be stressed that a court should permit a defendant to vacate his plea at sentencing if the bargain cannot be kept. *(People v Esposito,* 32 NY2d 921; *People v Griffith,* 43 AD2d 20, 26.) At the end of the above-quoted colloquy, the court stated that, if it intended to sentence the defendant to *more than one year* in prison, it would permit the defendant to withdraw his plea. Viewed objectively, the court's statement in this regard was quite clear. The defendant, a layman, was entitled to rely upon that straightforward promise without speculating as to its other possible meanings and without reconciling it with the remainder of the otherwise deficient plea agreement. Concur —Murphy, P. J., Lane, Markewich and Lynch, JJ.; Sullivan, J., dissents in a memorandum as follows: The plea should stand. I find no confusion among the participants in the plea. The majority places great reliance on the fact that the court, at one point, in stating the effective date for consideration of a prior felony conviction in determining predicate felony status, erroneously used the phrase "three years", instead of the phrase "ten years", which it had properly used in its two previous questions. The defendant was not misled by the court's erroneous reference to three years. In response to its inquiry, he told the court that he had not been convicted of a felony within the past 10 years. What chafes the defendant is that his 1971 conviction for which he received only a six-month sentence turned out to be a felony. The defendant, however, was accurately and clearly informed of the implications of the predicate felony law, including that the minimum sentence he faced if he qualified as a predicate felon would be one and one-half to three years. The court then went on to explain the other sentences under consideration: "1. A definite sentence of one year or less, or 2. a commitment to DACC, or 3. if the court could not limit the sentence to one year or commit to DACC,

the defendant could withdraw his plea or accept a more severe sentence." We should not lose sight of the fact that we are not dealing here with a stranger to the criminal justice system but rather with a 39-year-old recidivist, who had already been told, that same day, on the first calendar call of the case, of the options available to the court on sentence: "The Court: I understand, sir. If you wish a trial you'll have a trial. It's my understanding there was a discussion at the bench. There is a videotape of this transaction. I will tell you exactly what was discussed at the bench, sir. You are charged with a Class D felony. [Counsel]: That's correct, Judge. The Court: The District Attorney stated that he would accept by way of disposition a plea to a Class E felony. The Court further limited, the Class E felony carries a maximum term of no more than four years. The Court stated that if jail is indicated it would limit jail exposure to no more than three years. Your attorney then brought to my attention, which you have now confirmed, that you are addicted to the use of drugs and have been for a number of years and that you're about ready to give it up. You would like to give it up and you would like some help in this area. The Court stated that I would order an Article 81 examination, one of the sentencing possibilities, after I receive all the information and review it, would be a sentence of probation, provided that you undergo treatment at a D.A.C. facility for up to one year. That is one of the possibilities. Another possibility is one year in prison. Another possibility is a State prison sentence of three years. That is on an indictment on which the maximum penalty you could receive, if convicted, is seven years. If you are not guilty, do not plead guilty. Do you wish to speak to your lawyer? Do you wish to speak to your attorney? Speak to your client, [Counsel]." Finally, the defendant, in response to the court's question at the taking of the plea indicated that his attorney had explained to him the consequences of his guilty plea. This record is bereft of any showing of confusion. There is no reason to presume confusion where, indeed, none exists.