■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUERRA, Appellant.—Judgment, Supreme Court, New York County (Vincent A. Vitale, J.), rendered February 14,

1986, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him as a second felony offender to an indeterminate term of imprisonment of from 12½ to 25 years, unanimously affirmed.

When the sentencing court adheres to the promises it made when defendant pleaded guilty, defendant should not be permitted to withdraw his plea on the ground that he misinterpreted the agreement. *(People v Cataldo,* 39 NY2d 578, 580.) "Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof". *(People v Cataldo, supra,* at 580; *People v Gray,* 65 AD2d 525, 526.) The record does not support an inference that defendant's counsel misled him or misrepresented to him the sentence that would be imposed. Therefore, it was not an abuse of discretion by the sentencing court to deny defendant's motion to withdraw his plea of guilty without affording him a hearing. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.