■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GORHAM, Appellant. [795 NYS2d 385]—

Mercure, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 3, 2003, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and attempted criminal sale of a controlled substance in the fifth degree.

Defendant was indicted upon one count of criminal sale of a controlled substance in the fifth degree. Shortly thereafter, he was charged in a superior court information with assault in the second degree stemming from a separate incident. Defendant pleaded guilty to assault in the second degree, in exchange for a promise of a prison term of 2½ years followed by a two-year period of postrelease supervision. He also pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the fifth degree in exchange for a promise of a consecutive prison term of 1 to 3 years. The plea agreement also included a waiver of his right to appeal. During the plea colloquy, County Court was assured by defendant that the plea was entered knowingly and voluntarily.

Defendant's sentencing was subsequently adjourned because defendant moved to withdraw his plea, claiming that his attorney told him that the sentences would run "together" and that he did not understand the meaning of the word "consecutive." Counsel refuted this claim, emphasizing that there was "no miscommunication in any way, shape or form as to the difference between consecutive or concurrent" sentences. County Court denied defendant's motion to withdraw his guilty plea. In a later proceeding, defendant testified that he did not understand the sentence due to a learning disability. At sentencing,

County Court found no basis to vary from the negotiated plea, and sentenced defendant in accordance with the plea agreement. Defendant now appeals.*

Defendant's challenge to the voluntariness of the plea, while not encompassed by the waiver of the right to appeal (*see People v Seaberg,* 74 NY2d 1, 9-10 [1989]), is without merit as the record reveals that defendant's plea was entered knowingly and voluntarily after proper inquiry was made by County Court into defendant's understanding of the bargained-for sentence. Consequently, we see no reason to disturb the judgment on this basis (*see People v Ellett,* 245 AD2d 952 [1997], *lv denied* 91 NY2d 925 [1998]; *People v Merck,* 242 AD2d 792, 793 [1997], *lv denied* 91 NY2d 895 [1998]). Further, to the extent that defendant's claim of ineffective assistance of counsel survives his waiver of the right to appeal (*see People v Seaberg, supra* at 10; *People v Ferguson,* 192 AD2d 800, 800 [1993], *lv denied* 82 NY2d 717 [1993]), we find that defendant was not denied the effective assistance of counsel (*see People v Harres,* 12 AD3d 786, 787 [2004]).

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

* To the extent that defendant's notice of appeal includes an appeal from the denial of his motion to withdraw his plea, defendant's failure to set forth any argument in his appellate brief that County Court erred in denying his motion constitutes an abandonment of that issue (*see Sanderson v Bellevue Maternity Hosp.,* 259 AD2d 888, 892 [1999]; *Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 178 AD2d 691, 692 n 1 [1991]).