■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NELSON, Appellant. [846 NYS2d 760]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 3, 2006, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the second degree.

Indicted on three counts of burglary in the second degree and one count of petit larceny, defendant was offered a plea to one felony count with a sentence of no more than 15 years. After he rejected the offer, a suppression hearing was held. Before a decision was rendered, defendant was indicted on another count of burglary in the second degree. A plea bargain was reached whereby defendant was to plead guilty to two counts of burglary in the second degree in satisfaction of all outstanding charges. When accepting the plea, County Court meticulously

explained to defendant that he would receive a determinate prison term of between 8¹/₂ to 10 years on the first count and between 8¹/₂ to 9 years on the second count, with the sentences to run consecutively, and that a five-year period of postrelease supervision would be imposed. Defendant agreed to those terms and waived his right to appeal.

Following the entry of his plea, but before sentencing, defendant obtained new counsel who proffered a motion to withdraw the plea, alleging that defendant misunderstood the meaning of the word "consecutively," thinking that his sentences would run concurrently. After inquiry by County Court, on the record with both counsel present, defendant's motion was denied without a formal hearing and he was thereafter sentenced to consecutive prison terms of 9¹/₂ years on the first count and nine years on the second count, with two five-year postrelease supervision terms. Defendant appeals and we affirm.

We find no deficiency in the plea colloquy. Defendant's unequivocal responses to County Court's questioning did not negate any element of the crimes (see People v Cabezas, 307 AD2d 594, 595 [2003], lv denied 100 NY2d 618 [2003]) and County Court fulfilled its obligation to specifically advise defendant of the rights he was waiving, including his right to a trial and his right to a decision on the issues raised in the suppression hearing. Moreover, defendant was extensively questioned regarding an intoxication defense which he admitted that he had discussed with his counsel before accepting the plea.

Defendant's assertion that he misunderstood the word "consecutively" does not render his plea involuntary. A fair reading of defendant's allocution and the description of the plea arrangement by both his counsel and County Court, including the consequences of the plea and the maximum time that he would serve, supports our conclusion that the plea was knowingly and voluntarily entered (see People v Gorham, 18 AD3d 1024, 1024-1025 [2005]; see also People v Torres, 203 AD2d 208, 208 [1994]; People v Guerra, 157 AD2d 500, 501 [1990]).

As to the issue of postrelease supervision, while defendant received two five-year terms instead of one as he was originally promised, Penal Law § 70.45 (5) (c) requires the two terms to merge. Thus, with defendant only having to complete one term of postrelease supervision, the error had no impact on his otherwise valid plea.

Nor do we find merit in defendant's claim of ineffective assistance of counsel, after viewing both counsels' representations and considering the totality of the circumstances (see People v Baldi, 54 NY2d 137, 147 [1981]). Finally, having entered a plea

of guilty prior to County Court's determination of the suppression issues, he forfeited appellate review of those issues (*see People v Sullivan*, 37 AD3d 974, 975 [2007], *lv denied* 8 NY3d 991 [2007]; *People v Aponte*, 180 AD2d 910, 910 [1992], *lv denied* 79 NY2d 997 [1992]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.