■ The People of the State of New York, Respondent, v Bryan E. Adams, Appellant. [848 NYS2d 779]—Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 17, 2006, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, robbery in the first degree (two counts) and robbery in the second degree.

On March 1, 2006, defendant drove himself and codefendant Anthony B. Horton to a bank in the Town of Big Flats, Chemung County. While defendant's brother, codefendant Wayne Adams, acted as a lookout and defendant waited in the car, Horton entered the bank with a gun in a gym bag and returned to the car minutes later with $1,944.90 in cash. During their getaway, defendant and Horton were stopped by State Trooper Andrew Sperr. As Sperr neared the car on foot, Horton opened fire, initiating a gun battle between Horton and Sperr during which all three men were wounded. The encounter concluded with Horton approaching Sperr while he lay wounded on the ground and firing two more shots. Sperr died soon thereafter.

Defendant was indicted for murder in the second degree, rob-

bery in the second degree and two counts of robbery in the first degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to all four charges and cooperated in the prosecutions of his codefendants with the understanding that a sentence less than the maximum permitted by statute would be imposed. Defendant was sentenced by County Court to, among other things, a prison term of 22 years to life on the murder conviction. Claiming that the sentence is harsh and excessive, defendant now appeals.

We find defendant's contention unpersuasive. In imposing the sentence, County Court not only considered defendant's cooperation with the prosecution of his codefendants, but also his lengthy criminal history and participation in a dangerous criminal enterprise that resulted in the murder of a State Trooper. In light of the circumstances and given that defendant was sentenced in accordance with the plea agreement to less than the maximum authorized sentence (*see* Penal Law § 70.00 [3] [a] [i]), we perceive no abuse of discretion on the part of the sentencing court or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Washington*, 4 AD3d 546, 548-549 [2004]).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.