(October 30, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA KASZUBINSKI, Appellant. [865 NYS2d 772]—

Kavanagh, J. Appeals (1) from a judgment of the County Court of Madison County (McDermott, J.), rendered January 26, 2006, convicting defendant upon her plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered May 29, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In June 2005, defendant was indicted on two counts of murder in the second degree as the result of the May 2005 shooting death of her fiancé. Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of murder in the second degree and, in accordance with that agreement, was subsequently sentenced to a prison term of 20 years to life. Defendant, thereafter, moved pursuant to CPL 440.10 (1) (e) and (h) to vacate the judgment of conviction on the ground that her guilty plea was not knowingly, intelligently and voluntarily entered. Without a hearing, County Court denied defendant's motion. Defendant appeals and, finding no merit to any of defendant's contentions, we now affirm both the judgment of conviction and the order denying her CPL article 440 motion.

Defendant initially argues that due to the existence of certain specific mental health issues, her plea, when entered, was not knowing, intelligent or voluntary. She also claims that County Court, prior to deciding her postverdict motion, should have conducted an evidentiary hearing to determine if, in fact, such mental health issues did exist and, if so, what impact they might have had upon her ability to fully and completely understand the proceedings.

Defendant's judgment of conviction could be vacated if it is determined that, at the time she entered her plea, she was "incapable of understanding or participating in" the proceedings as the result of the existence of a mental disease or defect (CPL 440.10 [1] [e]; *see People v Bennett*, 30 AD3d 631, 631 [2006], *lv denied* 7 NY3d 809 [2006]). While psychiatric records produced in support of the motion indicate that, after sentence was imposed, defendant was diagnosed with posttraumatic stress disorder and found to be cognitively impaired due to the existence of a prior head trauma, " 'such a history does not nec-

essarily render a defendant incompetent to enter a knowing and voluntary plea' " (*People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008], quoting *People v Barclay*, 1 AD3d 705, 706 [2003], *lv denied* 1 NY3d 567 [2003]; *see People v Mears*, 16 AD3d 917, 918 [2005]). Nothing in these records indicates that defendant, at the time of her plea allocution, was incapable of understanding the nature of the underlying proceedings. It is clear from the record that defendant actively participated in the plea proceedings and not only responded appropriately to County Court's questions, but also made intelligent inquiries about the process. On two separate occasions during her allocution, defendant asked the court for permission to confer with her attorney and specifically instructed her attorney to indicate on the record that she was not waiving her right to appeal. Moreover, when the court asked whether defendant was entering the plea freely and voluntarily, she answered "with my whole heart, yes, your Honor."

In addition, while defendant acknowledged taking her prescribed medication, she denied that these drugs in any way impaired her ability to understand the proceedings or to participate in them. Simply stated, defendant's claim of incompetence stands in stark contrast with her lucid communications with counsel and County Court during the plea allocution (*see People v Harrison*, 52 AD3d at 970). Further, while defendant claims that she was not truly aware of the existence of these psychological maladies until after she entered her guilty plea, we see no reason why defendant could not have, with due diligence, made County Court aware of the existence of these issues prior to the imposition of sentence (*see* CPL 440.10 [3] [a]; *People v Berezansky*, 229 AD2d 768, 771 [1996], *lv denied* 89 NY2d 919 [1996]). Defendant's psychological history, including the fact that she allegedly attempted suicide, was a matter of record long before sentence was imposed. In fact, the incident to which she ascribed many of these difficulties occurred, by defendant's own admission, more than 30 years ago. Accordingly, and despite the fact that her diagnosis of posttraumatic stress disorder occurred after sentencing, we find no reason why, if defendant's ability to understand these proceedings was truly compromised, these issues were not brought to the court's attention prior to sentencing. Therefore, we conclude that County Court did not abuse its discretion in denying defendant's motion to vacate the judgment of conviction without a hearing and its order should be affirmed in all respects (*see* CPL 440.10 [3] [a]).

Defendant next argues that the plea allocution was insufficient because it failed to establish every element of the crime

of murder in the second degree. We disagree. Specifically, defendant points to the fact that she had difficulty remembering the details of the crime and never specifically stated during her allocution that when she fired the shotgun at her fiancé, she intended to kill him. " '[A] plea allocution is generally sufficient where, as here, a defendant's affirmative responses to County Court's questions established the elements of the crimes charged and there is no indication in the record that the voluntary plea was baseless or improvident' " (*People v Quaye*, 52 AD3d 1021, 1022 [2008], quoting *People v Kemp*, 288 AD2d 635, 636 [2001]; *see People v Cain*, 24 AD3d 889, 890 [2005], *lv denied* 7 NY3d 753 [2006]). When County Court specifically asked defendant if she had fired the shotgun at the victim and did so with the intent to kill him, she responded, "Yes." This exchange came after defendant, on two separate occasions, asked for permission to confer with her attorney and after her attorney stated to the court that defendant was "prepared to admit that on that date, May 22nd, that she intentionally fired a gun at the deceased and she intended to cause his death." At that point in the proceedings, the court asked defendant, "[I]s that what happened," and she answered, "Yes." While defendant had some difficulty recalling all of the details regarding the circumstances surrounding the shooting, none of that ambiguity served to raise any question that, at the time of her plea, she was admitting not only that she fired the shotgun, but did so with the intent to kill (*see People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]).

Moreover, in response to defendant's statements that she had not slept for two days prior to the shooting, had consumed a large quantity of sleeping pills as well as alcohol and "wasn't in a very good frame of mind," County Court informed her that she had the right to present such evidence at trial and the jury could conclude that, at the time of the shooting, she was so intoxicated that she could not form the requisite intent to commit the crime of intentional murder. In addition, County Court appropriately advised defendant that by pleading guilty, she was giving up the right to present this evidence and raise this defense at a trial (*see People v Nascimento*, 47 AD3d 1076, 1076 [2008]; *People v Nelson*, 46 AD3d 932, 933 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Munch*, 278 AD2d 662, 663 [2000]).

We also find that County Court was not required to inform defendant during her plea allocution that, even though she was not waiving her right to appeal, her guilty plea served to severely limit what issues could be raised on such an appeal. We decline to find that a court, in such a circumstance, is obligated

to specifically advise a defendant that such a plea would "generally preclude[ ] appellate review of nonjurisdictional defects" even though the right to appeal has not been waived (*People v Motley*, 69 NY2d 870, 871 [1987]). Moreover, throughout these proceedings, defendant was not only represented by counsel capable of fully explaining her appellate rights, but she has also failed to identify any legitimate issue that she has been precluded from raising as a direct result of her guilty plea.

Finally, we find no merit to defendant's claim that the sentence imposed was harsh and excessive. She entered her plea fully aware of the parameters of the sentence that could be imposed and, in fact, received a sentence that was less than the statutory maximum (*see* Penal Law § 70.00 [3] [a] [i]). In addition, our review of the record does not disclose the existence of any extraordinary circumstance that would warrant a reduction of this sentence in the interest of justice (*see* CPL 470.15 [6]; *People v Adams*, 47 AD3d 968, 969 [2008], *lv denied* 10 NY3d 761 [2008]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.