■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY GUY, Appellant. [880 NYS2d 491]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered April 10, 2008, convicting defendant, upon his plea of guilty, of attempted grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application to withdraw his guilty plea based upon his alleged misunderstanding as to the terms of his agreed-upon

sentence. "Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof" (*People v Cataldo*, 39 NY2d 578, 580 [1976]). The record reveals that the court clearly explained that the sentence would run concurrently with the time remaining on a previously imposed sentence, nunc pro tunc as of November 28, 2007. Moreover, the court specifically stated that the sentence could not be imposed nunc pro tunc as of any earlier date. Defendant discussed the matter at length with counsel and had ample opportunity to consider it (*see e.g. People v Torres*, 203 AD2d 208 [1994]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.