■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL BETHEA, Appellant. [59 NYS3d 314]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 15, 2015, as amended May 8, 2015, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

Supreme Court did not err in denying defendant's motion to withdraw his guilty plea at the sentencing hearing. The record establishes that defendant entered the plea knowingly, intelligently and voluntarily. Defendant's contrary argument, raised for the first time on this appeal, is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the court's full statement at the plea hearing of the minimum sentence for which defendant would be eligible in the event he violated his plea agreement (which, had defendant complied with it, would have permitted him to plead guilty to misdemeanor) was neither inaccurate, confusing nor ambiguous (*cf. People v Gray*, 65 AD2d 525 [1st Dept 1978]; *People v Davey*, 193 AD2d 1108 [4th Dept 1993]). Although the court, at the plea hearing, initially misstated the minimum term for which defendant, as a second violent felony offender, would have been eligible upon his plea of guilty to first-degree robbery, the court immediately corrected itself and stated the minimum term (10 years) accurately.[1]

In subsequently seeking to withdraw his plea at the sentencing hearing, held after he violated his plea agreement by, inter alia, bringing marijuana into Rikers Island, defendant never stated that it had been his understanding that violating the plea agreement would subject him to a minimum sentence of only five years. Rather, the clear import of defendant's statements was that he did not realize that he would subject himself to the 10-year minimum sentence for committing what he deemed a minor infraction ("I didn't know I was facing this much time for some weed"). Indeed, defendant's counsel, who supported his client's motion to withdraw the plea, confirmed to the court that defendant had "signed an agreement for ten years." In any event, since the court stated the terms of the plea agreement in an objectively clear manner at the plea hearing, defendant cannot invoke his alleged subjective misunderstanding of those terms as a basis for withdrawal of his plea (*see People v Guy*, 63 AD3d 609 [1st Dept 2009], *lv denied* 13 NY3d 836 [2009]). We reiterate that defendant first alleges such a misunderstanding upon this appeal.

---

1. Specifically, the court stated, in pertinent part, "[T]he minimum is five years—ten years state prison, up to twenty five years state prison and five years post-release supervision."

The argument that the court abdicated its authority is not preserved, as it was not raised by either defendant or his counsel before the sentencing court, and we decline to review it in the interest of justice. As an alternative holding, we find that the court did not improperly abdicate to the People its authority to oversee the plea and sentencing process (*cf. People v Farrar*, 52 NY2d 302 [1981]). Rather, the court simply found no basis on which to permit defendant to withdraw his plea after he and the People were unable to reach an alternative plea agreement that would allow a lesser sentence. In the context of the colloquy on the record, the court's comparison of the plea agreement to a contract merely expressed the view that defendant had a duty to abide the terms of the agreement (which he had failed to do) and did not indicate that the court believed itself to lack power to allow defendant to withdraw the plea if circumstances warranted such relief. Further, the court imposed the minimum sentence for which defendant, as a second violent felony offender, was eligible on the charge to which he had pleaded guilty, which was based on a brutal crime of violence.[2]

Finally, Supreme Court did not abuse its discretion in denying defendant's request for an additional adjournment of the sentencing to allow the Osborne Society to complete a mitigation report. The court had asked defendant to submit a mitigation report at the initial sentencing hearing on November 25, 2014, which was adjourned before sentence was pronounced. At the final sentencing hearing on January 15, 2015, more than six weeks later, the representative from the Osborne Society stated that the report had not been completed because he had been on vacation for three of those six weeks. When the court then offered to adjourn the sentencing for one more week, the representative from the Osborne Society stated that 10 more days were needed to complete the report. The court did not abuse its discretion in proceeding to pronounce sentence rather than granting the requested additional adjournment of 10 days. In any event, given that defendant received the minimum sentence available to a second violent felony offender convicted of robbery in the first degree, it is unclear what impact, if any, a mitigation report would have had. Concur— Friedman, J.P., Andrias, Kapnick and Gesmer, JJ.

---

2. Defendant pleaded guilty to having, in concert with others, beaten the victim's face and body with a metal bar and closed fists, while stealing his cell phone, diamond earrings, and $100 in cash.