The People of the State of New York, Respondent, 
against
Rashid Goddard, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered March 4, 2015, convicting him, upon a plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to time served.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered March 4, 2015, affirmed.
Defendant's claim that the trial court improperly abdicated its discretionary sentencing power by not permitting him to replead to disorderly conduct is not preserved, as it was not raised by either defendant or his counsel before the sentencing court (see People v Bethea, 152 AD3d 454 [2017]; People v Hernandez, 149 AD3d 503 [2017], lv denied 29 NY3d 1080 [2017], citing People v Pollard, 132 AD3d 554 [2015], lv denied 26 NY3d 1111 [2016]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant violated the plea agreement and thus forfeited the opportunity to have his misdemeanor weapons possession conviction replaced by a conviction for disorderly conduct, a violation (see People v Reynolds, 117 AD3d 478 [2014], affd 27 NY3d 1099 [2016]; People v Tague, 144 AD3d 576 [2016], lv denied 29 NY3d 953 [2017]; People v Jannestil, 105 AD3d 560 [2013], lv denied 22 NY3d 1041 [2013]; see also People v Pollard, 132 AD3d at 555). The Court did not abdicate its discretionary sentencing power and, indeed, manifestly exercised its discretion by reducing the agreed-upon sentence of four days of community service to time served.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 05, 2017