People v Rosario (2022 NY Slip Op 01849)





People v Rosario


2022 NY Slip Op 01849


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112198
[*1]The People of the State of New York, Respondent,
v
John D. Rosario, Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John D. Kelley of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered March 8, 2019, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
Defendant was charged in a three-count indictment with attempted murder in the second degree, attempted assault in the first degree and assault in the second degree stemming from an incident in a grocery store parking lot wherein defendant approached a vehicle and shot an occupant in the arm. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted assault in the first degree in full satisfaction of the indictment. County Court sentenced defendant, in accord with the terms of the plea agreement, to a prison term of 12 years followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that his plea was not voluntarily entered and that he received ineffective assistance of counsel. Defendant's contentions are not preserved for our review as the record does not reflect that defendant made an appropriate postallocution motion despite an opportunity to do so (see People v Dickerson, 198 AD3d 1190, 1192-1194 [2021]; People v Sydlosky, 181 AD3d 1094, 1094-1095 [2020]; People v Tariq, 166 AD3d 1248, 1248 [2018], lvs denied 32 NY3d 1173, 1178 [2019]). Further, we are unpersuaded that the narrow exception to the preservation rule was implicated as defendant did not make any "statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea" (People v Daniels, 193 AD3d 1179, 1180 [2021] [internal quotation marks, brackets and citations omitted]; see People v Velazquez, 194 AD3d 1181, 1183 [2021], lv denied 37 NY3d 995 [2021]).
To the extent that defendant made statements for the first time to the Probation Department that he was "hearing voices" at the time of the subject offense, "County Court was under no obligation to conduct any further inquiry in response to this belated, postplea assertion," particularly given that defendant subsequently acknowledged during the probation interview that any mental health issues were self-diagnosed (People v Allen, 166 AD3d 1210, 1210-1211 [2018] [internal quotation marks and citations omitted], lvs denied 32 NY3d 1201, 1206 [2019]; see People v Jackson, 159 AD3d 1276, 1276-1277 [2018], lv denied 31 NY3d 1149 [2018]; People v Osman, 151 AD3d 494, 494-495 [2017], lv denied 30 NY3d 982 [2017]). We have reviewed defendant's contention that the statutorily-permissible sentence was harsh and excessive and find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Warner, 194 AD3d 1098, 1106 [2021], lv denied 37 NY3d 1030 [2021]).
Lynch, Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.