People v Wilcox (2023 NY Slip Op 03887)

People v Wilcox

2023 NY Slip Op 03887

Decided on July 20, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023 

110309 112521
[*1]The People of the State of New York, Respondent,
v
Kyle E. Wilcox, Appellant.

Calendar Date:June 5, 2023

Before:Garry, P.J., Clark, Aarons and Ceresia, JJ.

Eric K. Schillinger, Albany, for appellant, and appellant pro se.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered September 22, 2017, convicting defendant upon his plea of guilty of the crime of attempted rape in the second degree, and (2) by permission, from an order of said court, entered September 1, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with rape in the second degree and endangering the welfare of a child based upon conduct with a child who was less than 15 years old. In satisfaction thereof, defendant pleaded guilty to the reduced charge of attempted rape in the second degree. County Court sentenced defendant to two years in prison, to be followed by 10 years of postrelease supervision. Defendant subsequently moved pro se to vacate the judgment of conviction pursuant to CPL 440.10, asserting that he was denied the effective assistance of counsel. County Court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Initially, defendant's challenges to the voluntariness of his guilty plea are unpreserved for our review in view of his failure to make an appropriate postallocution motion to withdraw his plea prior to sentencing, despite ample time in which to do so (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]; People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]). Moreover, this case does not fall within the narrow exception to the preservation rule (see People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). Defendant's claim on direct appeal of ineffective assistance of counsel, premised upon alleged deficiencies in defense counsel's motion practice, is forfeited by his guilty plea (see People v Jones, 210 AD3d 150, 152 [3d Dept 2022]; People v Rutigliano, 159 AD3d 1280, 1281 [3d Dept 2018], lv denied 31 NY3d 1121 [2018]).
Defendant also contends that County Court erred in denying his CPL 440.10 motion without a hearing. "On a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Marte-Feliz, 192 AD3d 1397, 1397-1398 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; accord People v Podeswa, 205 AD3d 1139, 1140-1141 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]).
According to defendant, defense counsel was ineffective for assuring him that, if he pleaded guilty[*2], he would not be sentenced to time in State prison, but instead would be incarcerated in county jail, and he avers that he would not have pleaded guilty without this assurance. This claim, however, is contradicted by the record. Pursuant to the plea agreement outlined at the outset of the colloquy, defendant's sentence was left to County Court's discretion, but it was agreed that the maximum sentence that could be imposed was capped at two years, and defendant stated that he was willing to accept that offer. Prior to entering his plea, defendant affirmed that no one had made any promises to him regarding sentencing other than what had been negotiated. The record also contains a June 2018 letter from defense counsel to defendant in which counsel explained that the sentence he had negotiated "allow[ed] the possibility of a county year or six months and 10 years probation" (emphasis added), and counsel did recommend that local jail time be imposed at the sentencing hearing, although the court rejected the recommendation based upon information in the presentence investigation report. In light of the foregoing, it was not error for County Court to deny defendant's motion without a hearing (see People v LaPierre, 108 AD3d 945, 946-947 [3d Dept 2013]). We have examined defendant's remaining contentions and found them to be lacking in merit.
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the judgment and the order are affirmed.