People v Bailey (2024 NY Slip Op 00828)

People v Bailey

2024 NY Slip Op 00828

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

112830
[*1]The People of the State of New York, Respondent,
v
Brandon L. Bailey, Appellant.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Erin C. Morigerato, Albany, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.

Lynch, J.
Appeals from (1) a judgment of the County Court of Schuyler County (Christopher P. Baker, J.), rendered September 28, 2020, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree, and (2) a judgment of said court, rendered September 28, 2020, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an incarcerated individual.
Defendant waived indictment and agreed to be prosecuted by two superior court informations, one charging him with burglary in the second degree stemming from a home invasion, and a second, charging him with aggravated harassment of an employee by an incarcerated individual,[FN1] which resulted from his actions in throwing an unhygienic substance at a correction officer while in jail. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the reduced crime of attempted burglary in the second degree and aggravated harassment of an employee by an incarcerated individual, as factually amended, admitting the factual allegations underlying those crimes. County Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of three years to be followed by three years of postrelease supervision on the attempted burglary in the second degree conviction, to be served concurrently with a prison term of 1&frac13; to 4 years on the aggravated harassment conviction. Defendant appeals.
Defendant argues that his guilty plea was not knowing, voluntary or intelligent, a contention that was not preserved for our review given that the record does not reveal that he made an appropriate postallocution motion on this ground despite ample time in which to do so (see People v Wilcox, 218 AD3d 965, 965 [3d Dept 2023]; compare People v Conceicao, 26 NY3d 375, 381-382 [2015]). We are not persuaded by defendant's contention that the narrow exception to the preservation requirement was implicated by his postplea, unsworn statements during the probation interview a month prior to sentencing, claiming that he had blacked out due to intoxication, apparently during the burglary. This assertion contradicted his unqualified admission during the plea allocution that he had entered his neighbor's residence displaying a firearm, without permission, and demanded two guns. Defendant made no "statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea" so as to trigger the exception to the preservation rule (People v Rosario, 203 AD3d 1404, 1405 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1035 [2022]; see People v Lopez, 71 NY2d 662, 666 [1988]; compare People v Chin, 160 AD3d 1038, 1039-1040 [3d Dept 2018]). Thus, notwithstanding defendant's statements to the Probation Department, "the narrow exception to the preservation rule is inapplicable because defendant failed to avail himself of the opportunity to seek relief [*2]from the sentencing court by moving to withdraw his plea based on his alleged intoxication defense" or mental health history (People v Fauntleroy, 206 AD3d 1347, 1347-1348 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see People v McQuilla, 210 AD3d 1191, 1192 [3d Dept 2022]).
Moreover, defendant's reliance on his statements at his earlier arraignment, claiming to have no memory of the burglary, is unavailing, as County Court declined to accept his guilty plea at that proceeding, advised defense counsel to discuss a possible intoxication defense with him and adjourned the matter. At the next appearance, defense counsel assured the court that she had reviewed that defense and the evidence with defendant, who was ready to enter a guilty plea, which defendant confirmed, and he then entered a guilty plea, admitting his guilt without qualification. The court was not obligated to inquire further during that subsequent plea allocution. Likewise, defendant's claim that the court failed to apprise him of the trial-related rights that he was forgoing by his guilty plea was not preserved, as required, by a postallocution motion, despite an opportunity to do so (see People v Conceicao, 26 NY3d at 382; People v Gayle, 221 AD3d 1061, 1062 [3d Dept 2023]) and, in any event, the record reflects that he was fully advised of his trial rights and the consequences of his plea (see Boykin v Alabama, 393 US 238, 243 [1969]). Thus, defendant's challenges to his guilty plea are unpreserved and, because we would find them to be without merit were we to review them, we decline his request to exercise our interest of justice jurisdiction (see CPL 470.05 [3] [c]).[FN2]
Defendant likewise did not preserve his claims that he did not receive effective assistance of counsel in connection with his guilty plea. Given that they concern matters both on and outside of the record, including what counsel advised him, counsel's off-the-record plea bargaining efforts and her pursuit of potential defenses, such claims "are more properly addressed in the context of a CPL article 440 motion" (People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; see People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]), where they may be "assessed together, in totality, to determine whether he was deprived of meaningful representation" (People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]; see People v Taylor, 156 AD3d 86, 91-92 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Johnson, 201 AD3d 1208, 1208 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). Were we to address this claim based upon the record before us, we would discern no basis upon which to find that defendant did [*3]not receive meaningful assistance.
County Court did not abuse its discretion in denying defendant's request at sentencing for the assignment of substitute counsel, based upon the contention that defense counsel had relayed a promise from the District Attorney that, as part of the plea agreement, defendant could visit with his child prior to sentencing. Good cause for substituting counsel was not established (see People v Smith, 18 NY3d 588, 592-593 [2012]; People v Linares, 2 NY3d 507, 510-511 [2004]) and, as the court noted, during the plea allocution defendant had confirmed that, other than sentencing, no other promises had been made to induce his guilty plea.
Finally, upon reviewing the record and considering all of the relevant circumstances, including the seriousness of defendant's conduct and his criminal history, we do not find the agreed-upon concurrent sentences imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), particularly considering that the sentence imposed on the attempted burglary conviction was significantly less than the maximum potential sentence (see Penal Law § 70.02 [1] [b], [c]; [3] [c]). Accordingly, we decline defendant's invitation to reduce it in the interest of justice (see CPL 470.15 [3] [c]). Defendant's remaining contentions have been considered and found to be without merit.
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: The title of the crime was amended in 2021 (see L 2021, ch 106, eff. Aug. 2, 2021).

Footnote 2: Defendant's claims that his mental health issues precluded a voluntary guilty plea, and that he was denied medication while in jail, were not raised during the plea allocution or in a motion to withdraw his guilty plea and are not otherwise supported by the record before us.