People v Bailey (2024 NY Slip Op 05842)

People v Bailey

2024 NY Slip Op 05842

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

110816 CR-23-1198
[*1]The People of the State of New York, Respondent,
v
David E. Bailey Jr., Appellant.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Bruce Evans Knoll, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Lynch, J.
Appeals (1) from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered August 17, 2017, convicting defendant upon his plea of guilty of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered June 5, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
On November 13, 2016, police officers responded to a report that defendant was attempting to break into the residence of the victim. One of the responding officers explained that after defendant — who smelled of alcohol — expressed that he had been having a difficult time, fell to the ground and curled into the fetal position, he was transported to the behavioral health unit of a local hospital. While in the waiting room, defendant asked to speak with that police officer in private, revealing that he had raped the victim a week prior. Upon his release from the hospital, defendant was directly transported to the police station, where he again confessed to the rape. As a result, defendant was arrested and subsequently charged by indictment with rape in the first degree. Defendant's motion to suppress these inculpatory statements was denied following a Huntley hearing. After defendant rejected several plea offers, a jury trial was set to commence on July 10, 2017. That morning, defendant pleaded guilty to the single-count indictment and purported to waive his right to appeal. He was sentenced, in accordance with the plea agreement, to a prison term of 15 years, to be followed by 10 years of postrelease supervision.
In February 2023, defendant moved to vacate his conviction pursuant to CPL 440.10, arguing that the plea was obtained in violation of his constitutional right to the effective assistance of counsel (see CPL 440.10 [1] [h]), procured by duress on the part of both County Court and the police (see CPL 440.10 [1] [b]), and involuntary by reason of mental disease or defect (see CPL 440.10 [1] [e]). County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.
Defendant seeks to vacate his plea on several grounds, raising both record-based and nonrecord-based arguments. Turning first to the direct appeal, we agree with defendant's contention that the appeal waiver is invalid. After establishing that defendant was prepared to plead guilty, County Court initially correctly advised of the trial related constitutional rights he would be forfeiting by doing so [FN1] and that the right to appeal was "separate and distinct" (see People v Lopez, 6 NY3d 248, 256 [2006]). However, the court then erroneously explained that "the People's offer requires that you waive your right to appeal, meaning that what happens here today will be final." Continuing, the court asked defendant whether he "[understood] you are giving up certain rights to have a higher court review these proceedings [*2]to make sure that everything was done properly." Each of these direct statements speak to an absolute bar to an appeal. Defendant then proceeded to review and sign a written waiver with the assistance of counsel, generally confirming for the court that he understood the document and had no questions. In contrast to the court's statements noted above, the written waiver expressly outlined seven distinct issues that could still be appealed. The court, however, made no specific inquiry as to whether defendant understood the distinction between the issues waived and not waived as outlined in the written waiver form. The difficulty presented is the direct conflict between the court's erroneous statements signaling a complete bar to appellate review and the written waiver suggesting the contrary. Under these circumstances, we conclude that the written waiver did not cure the court's erroneous comments, rendering defendant's appeal waiver invalid (see People v Appiah, 41 NY3d 949, 950 [2024]; People v Cisse, 228 AD3d 440, 441 [1st Dept 2024]; compare People v Ramos, 7 NY3d 737, 738 [2006] [detailed written waiver clarified ambiguity in sentencing court's colloquy]; People v Mittler, 225 AD3d 1003, 1004 [3d Dept 2024]). Accordingly, defendant's challenge to the factual sufficiency of the plea colloquy is not precluded (see People v McNeil, 210 AD3d 1200, 1201 [3d Dept 2022]). Nevertheless, it is unpreserved for review in the absence of a postallocution motion to withdraw the plea prior to sentencing (see CPL 220.60 [3]; People v McNeil, 210 AD3d at 1201).
Similarly unpreserved is defendant's argument that the plea was involuntary because his statements during the plea colloquy should have alerted County Court to the fact that he had mental health issues precluding him from understanding the proceedings. Defendant did not move to withdraw the plea prior to or at sentencing and his CPL article 440 motion does not preserve this issue in the context of his direct appeal based on the underlying record (see CPL 220.60 [3]; People v Wilcox, 218 AD3d 965, 965 [3d Dept 2023]; see also People v Morales, 119 AD3d 1082, 1084 n [3d Dept 2014], lv denied 24 NY3d 1086 [2014]).[FN2] To the extent defendant argues that his statements during the plea colloquy triggered the narrow exception to the preservation rule — which applies when a defendant makes statements during the plea colloquy that are "inconsistent with his [or her] guilt or otherwise call[ ] into question the voluntariness of [the] plea" — we disagree (People v Mehalick, 226 AD3d 1263, 1264 [3d Dept 2024], lv denied 42 NY3d 928 [2024]).
Toward the beginning of the plea colloquy, defendant revealed that he had been diagnosed with certain mental health conditions, rendering his thought processes "very slow," and indicated that he had made a false confession to police. In response, County Court allowed counsel, at his request, the opportunity to consult with defendant. When the proceedings resumed, the court inquired [*3]into defendant's mental health background, during which defendant advised that he was not on medication and had been hospitalized in a behavioral health unit a week before the underlying incident. Defendant then confirmed he was able to understand the proceedings, had the "ability to think clearly as [he] s[at] here today," and "fe[lt] fine" both physically and mentally. Defense counsel also stated that he had no concerns about defendant's "ability to communicate and understand." Thereafter, defendant admitted that he had forcibly raped the victim and stated that there was "[n]o question in [his] mind" about that when asked by County Court. In these circumstances, the narrow exception to the preservation rule does not apply (see People v Blackburn, 164 AD3d 960, 961 [3d Dept 2018]; People v Reap, 163 AD3d 1287, 1288 [3d Dept 2018], lv denied 32 NY3d 1128 [2018]).
In any event, were the issue properly preserved, we would find it to be unavailing. Defendant's "history of mental [health issues], by itself, did not render him incompetent to enter a knowing and voluntary plea" (People v Blackburn, 164 AD3d at 961), and this plea record does not support his claim that he was unable to understand the proceedings such that the plea was invalid (see People v Dolison, 189 AD3d 1779, 1780-1781[3d Dept 2020], lv denied 36 NY3d 1119 [2021]; People v Kaszubinski, 55 AD3d 1133, 1135 [3d Dept 2008], lv denied 12 NY3d 855 [2009]). The record also does not support defendant's assertion that either the police or County Court coerced him into accepting the plea (see People v Mason, 56 AD3d 1201, 1202 [4th Dept 2008], lv denied 11 NY3d 927 [2009]).
Defendant further contends that County Court failed, at sentencing, to adequately inquire into statements he made during the presentence probation interview on July 26, 2017 to assure that his plea was knowing and voluntary. During the probation interview, defendant asserted that he had engaged in consensual sexual intercourse with the victim, who he claimed had fabricated the charge to "get rid" of him. Correspondingly, he recanted the confessions made to the police officers. At the commencement of the sentencing proceeding on August 17, 2017, the court confirmed that defendant's attorney had received a copy of the presentence report and then inquired as to whether there were "any errors or omissions [in the report] you want to note for the record." Defendant's attorney responded "[n]one." The prosecutor then stated that the presentence report reflected the People's concerns that defendant "has refused to accept responsibility" and "blames the true victim" despite his guilty plea. When the court inquired whether defense counsel had anything to say "on behalf of your client," counsel responded that he had "nothing to say except to the extent that so long as what the People have put on the record doesn't affect the agreement." For his part, defendant declined to make a statement. We conclude that County Court did not err [*4]by imposing sentence without any further inquiry (see People v Sims, 41 NY3d 995, 996 [2024]; People v Patterson, 224 AD3d 994, 995-996 [3d Dept 2024], lv denied 41 NY3d 985 [2024]; People v Lomack, 217 AD3d 1281, 1282-1283 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Clark, 209 AD3d 1063, 1064-1065 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]; People v Rosario, 203 AD3d 1404, 1405 [3d Dept 2022], lv denied 38 NY3d 1035 [2022]).[FN3] Finally, we do not agree with defendant's assertion that the agreed-upon sentence is unduly harsh or severe under the circumstances and decline his request to modify it in the interest of justice (see CPL 470.15 [6] [b]).
We now turn to defendant's appeal from the denial of his CPL 440.10 motion. In that regard, he reiterates that his plea was involuntary due to his mental health issues (see CPL 440.10 [1] [e]), relying on certain documents outside of the plea record that were annexed to his motion papers, which he argues entitled him to a hearing. On a motion to vacate, a hearing is warranted when the submissions "show that the nonrecord facts sought to be established are material and would entitle [the defendant] to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]; see CPL 440.30 [5]). We do initially agree with defendant that County Court erred to the extent that it denied his motion without a hearing on the premise that sufficient facts appeared in the record to resolve the issues raised on direct appeal (see CPL 440.10 [2] [b], [c]). Defendant's submissions clearly offered additional nonrecord facts that speak to the voluntariness of his plea. Moreover, the review limitations set forth in CPL 440.10 (2) (b) and (c) do not apply when, as here, a claim of ineffective assistance of counsel has been raised. That said, upon our review, we conclude that defendant has not satisfied his burden of demonstrating that County Court erred in denying the motion without a hearing.
Defendant claims that the medical records attached to his motion demonstrate that he was taking certain medications while at the Washington County Jail even though he failed to inform County Court of this fact during the plea colloquy. After reviewing these records, we conclude that they do not sufficiently raise a question of fact as to defendant's capacity to understand the proceedings at the time of the plea so as to warrant a hearing (see People v Hatcher, 211 AD3d 1236, 1240 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]; compare People v Rossborough, 122 AD3d 1244, 1245-1246 [4th Dept 2014]). Defendant's mental health issues were explored during the plea proceedings, with County Court having ample opportunity to observe his demeanor and receiving several assurances, from both counsel and defendant himself, that he was capable of understanding (see People v Kot, 126 AD3d 1022, 1026 [3d Dept 2015], lv denied 25 NY3d 1203 [2015]). Defendant's claim that he was unable to enter a knowing, intelligent and voluntary plea stands in stark contrast [*5]to his affirmative acknowledgment of guilt during the plea allocution.
Defendant also relies on a report from a psychologist, authored in May 2022 and attached as an exhibit to his CPL 440.10 motion, in support of his claim that his mental health issues precluded him from entering a voluntary plea or at least raised a question of fact in that regard. After conducting two telephone interviews with defendant in February 2022 and reviewing, among other things, medical records dating back to the 1990s, the psychologist averred that defendant was "unable to understand, appreciate or voluntarily agree to [either] what was documented in his confession [or] the plea offer he accepted." Notably, however, the psychologist also reported that defendant had "adequate" "insight and judgment" during their conversations.[FN4] In discussing the plea, defendant made statements demonstrating that he understood the risks of going to trial and the benefits of taking the plea. In these circumstances, and considering the exploration into defendant's mental health issues during the plea colloquy, the report does not raise a question of fact sufficient to warrant a hearing on the motion (see CPL 440.30 [4] [d]; People v Odenhal, 162 AD3d 908, 908 [2d Dept 2018], lv denied 32 NY3d 1067 [2018]; People v Kot, 126 AD3d at 1026; People v Kaszubinski, 55 AD3d at 1134-1135). Defendant's further argument that his plea was involuntary because he was in physical pain at the time of the proceedings is not supported by his own sworn allegations (see CPL 440.30 [3] [b]) and is contrary to the plea record in which he confirmed that he felt "fine" (see CPL 440.30 [4] [d]).
As for defendant's claim that counsel coerced him into accepting the plea offer, the exhibits attached to his CPL article 440 motion include a letter from trial counsel advising of the risks of going to trial given the strength of the prosecution's case, but stating — appropriately — that it was ultimately "[his] decision . . . whether or not to plead guilty." During the plea colloquy, defendant answered in the negative when asked if anyone had "threatened or forced [him] to plead guilty against [his] own free will." Given that the record and trial counsel's letter tend to negate his claim of coercion, denying this portion of the motion without a hearing was not an abuse of discretion (see CPL 440.30 [4] [b]). We similarly find no error in the summary denial of defendant's argument that the judgment was procured by duress on the part of the Village of Hudson Falls Police Department. The affidavit submitted in support of this claim was based primarily upon hearsay, which is not probative evidence in the context of a CPL article 440 motion (see People v Velazquez, 143 AD3d 126, 137 [1st Dept 2016], lv denied 28 NY3d 1189 [2017]; People v DeVito, 287 AD2d 265, 265 [1st Dept 2001], lv denied 97 NY2d 753 [2002], cert denied 537 US 821 [2002]). Moreover, we have viewed the video of defendant's confession at the police station [*6]and perceive no evidence of coercion.
Defendant's mixed ineffective assistance of counsel claims — which are premised upon both record-based and nonrecord-based allegations and are "properly reviewed in their entirety on defendant's appeal from the denial of his CPL 440.10 motion" (People v Hatcher, 211 AD3d at 1239 [internal quotation marks and citation omitted]; see CPL 440.10 [1] [h]) — fare no better. In support of his assertion that he was deprived of meaningful representation, defendant alleges, among other things, that counsel failed to (1) inform County Court of defendant's psychological and educational history, (2) procure pertinent records in this regard and (3) fully investigate whether such history impacted his susceptibility to police interrogation and ability to validly waive his Miranda rights. Preliminarily, we note that "in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Hatcher, 211 AD3d at 1239 [internal quotation marks and citations omitted]; see People v Ward, 228 AD3d 1134, 1137 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 23, 2024]). Such is the case here, where the record reflects that counsel secured a favorable plea deal in the face of substantial evidence against defendant, made appropriate pretrial motions, challenged the confession on the basis that defendant was not advised of his Miranda rights prior to the commencement of the custodial interrogation and fully participated during the Huntley hearing. During the plea colloquy, defendant confirmed that he had been given sufficient time to confer with counsel and was satisfied with counsel's performance. The record demonstrates that counsel was mindful that defendant had certain mental health issues as outlined at the beginning of the plea colloquy and appropriately requested an opportunity to confer with defendant before going forward. Defendant's conclusory allegations that counsel then coerced him into pleading guilty are belied by the ensuing colloquy in the plea transcript. Without diminishing the significance of defendant's mental health concerns, counsel was also confronted with defendant's videotaped confession. In this regard, we find no error in County Court's denial of defendant's motion to suppress both of his confessions to police (see CPL 710.70 [2]). On the record presented, we conclude that defendant was not denied meaningful representation (see CPL440.30 [4] [a]; People v Blanford, 179 AD3d 1388, 1394-1395 [3d Dept 2020], lv denied 35 NY3d 968 [2020]).
Finally, defendant annexed to his CPL 440.10 motion affidavits from friends and family who saw defendant interact with the victim during their relationship and, in sum and substance, indicated their belief that the victim manipulated defendant into believing that he had raped her. In addition to being primarily based on hearsay, these [*7]assertions implicate a claim of actual innocence which is foreclosed by defendant's voluntary guilty plea (see People v Tiger, 32 NY3d 91, 100-102 [2018]). We have reviewed the additional exhibits attached to defendant's CPL 440.10 motion and conclude that they do not raise a question of fact about the validity of defendant's plea sufficient to warrant a hearing. To the extent not expressly addressed, defendant's remaining arguments have been considered and found unavailing.
Aarons, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant's argument that his plea was invalid because he was never informed that he would be giving up the privilege against self-incrimination lacks merit (see generally People v Tyrell, 22 NY3d 359, 361 [2013]). County Court expressly advised that defendant would be giving up the "right to remain silent" by pleading guilty, which, for all intents and purposes, amounts to the same as a warning of the forfeiture of the privilege against self-incrimination (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Vittengl, 203 AD3d 1390, 1392 [3d Dept 2022]). We also note that, in a May 2017 letter sent to him before the plea was entered, defense counsel expressly advised defendant that accepting a plea would require him to give up the privilege against self-incrimination.

Footnote 2: Defendant's assertion that he had mental health issues precluding him from understanding the proceeding is raised both on the direct appeal and the appeal from the denial of his CPL article 440 motion. Because the claim raised on direct appeal is premised upon record-based facts — i.e., his statements during the plea proceedings — "preservation of the issue for direct appeal is accomplished by motion to withdraw the plea" (People v Morales, 119 AD3d 1082, 1084 n [3d Dept 2014], lv denied 24 NY3d 1086 [2014]). Accordingly, only his nonrecord-based claims in this regard are preserved by his CPL article 440 motion.

Footnote 3: Defendant further argues that "[m]uch of [his] medical, psychological and educational history" was excluded from the presentence report. He also takes issue with the fact that the probation officer who conducted the interview "relied exclusively on [his own] rendition [of his psychological history] and did not review any of his . . . records" in this regard. Any argument with respect to the accuracy of the presentence report has been waived, as defendant failed to object before being sentenced (see People v Walworth, 167 AD2d 622, 623 [3d Dept 1990]). In any event, the fact that the probation officer relied on defendant's own — allegedly inaccurate — statements regarding his mental health history does not render the report invalid, and any error in the presentence report would not entitle defendant to the remedy of plea withdrawal (see generally People v Ferguson, 177 AD3d 1247, 1250 [4th Dept 2019]).

Footnote 4: The psychologist noted that she was unable to comment on defendant's "affect (outward expression of mood)" since they did not meet in person.