People v Stafford (2021 NY Slip Op 03768)





People v Stafford


2021 NY Slip Op 03768


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


931 KA 19-01733

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN STAFFORD, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered May 31, 2018. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [3]). Initially, we note that defendant's contention that his guilty plea was not voluntarily, knowingly, and intelligently entered survives his purported waiver of the right to appeal (see People v McKay, 5 AD3d 1040, 1041 [4th Dept 2004], lv denied 2 NY3d 803 [2004]). Insofar as defendant contends that his plea was not voluntarily, knowingly, and intelligently entered because County Court failed to conduct a sufficient inquiry into whether he possessed the requisite intent to commit the offense, his contention is preserved for our review by his motion to withdraw his plea. Nevertheless, that contention lacks merit. Even assuming, arguendo, that defendant's initial statement regarding his inability to remember details of the incident "cast[] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea" (People v Hess, 46 AD3d 1407, 1407 [4th Dept 2007], lv denied 10 NY3d 841 [2008] [internal quotation marks omitted]; see People v Lopez, 71 NY2d 662, 666 [1988]), defendant unequivocally affirmed upon further questioning by the court that he possessed the requisite intent (see generally Lopez, 71 NY2d at 666; People v Burroughs, 106 AD3d 1512, 1512 [4th Dept 2013]). Furthermore, insofar as defendant contends that his plea was not voluntarily, knowingly, and intelligently entered because the court did not address a possible intoxication defense, his contention is unpreserved for our review because he failed to move to withdraw his guilty plea or to vacate the judgment of conviction on that basis (see People v Bender, 270 AD2d 924, 925 [4th Dept 2000], lv denied 95 NY2d 832 [2000]). Moreover, defendant's contention does not fall within the rare exception to the preservation requirement set forth in Lopez (71 NY2d at 666).
Defendant's contention that the court abused its discretion in denying his motion to withdraw the plea also survives his purported waiver of the right to appeal (see People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]). Nevertheless, we reject that contention. "The decision to permit a defendant to withdraw a guilty plea rests in the sound discretion of the court" (People v Smith, 122 AD3d 1300, 1301-1302 [4th Dept 2014], lv denied 25 NY3d 1172 [2015] [internal quotation marks omitted]). Furthermore, "[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d 926, 927 [1974]). Here, the record establishes that defendant was afforded such an opportunity inasmuch as the court adjourned sentencing for more than two [*2]months to allow defendant to retain new counsel, file a formal motion, and argue that motion in court.
Finally, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court