People v Buntley (2022 NY Slip Op 05444)

People v Buntley

2022 NY Slip Op 05444

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

675 KA 17-00277

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDMUND S. BUNTLEY, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER, JEFFREY WICKS, PLLC (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 30, 2016. The judgment convicted defendant upon a jury verdict of burglary in the first degree, assault in the second degree, strangulation in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law
§ 140.30 [2]), assault in the second degree (§ 120.05 [6]), strangulation in the second degree (§ 121.12), and petit larceny
(§ 155.25). Contrary to defendant's contention, defense counsel was not ineffective for failing to object to the victim's testimony that defendant "always" choked her or in failing to request that County Court conduct a Buford inquiry in response to generalized information implicating potential juror misconduct during the jury's deliberations. It is well settled that a claim of ineffective assistance "requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (People v Rivera, 71 NY2d 705, 708-709 [1988]; see People v Kates, 162 AD3d 1627, 1632 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019], cert denied — US &mdash, 141
S Ct 117 [2020]). "To prevail on an ineffective assistance claim, a defendant must 'demonstrate the absence of strategic or other legitimate explanations'—i.e., those that would be consistent with the decisions of a 'reasonably competent attorney'—for the alleged deficiencies of counsel" (People v Maffei, 35 NY3d 264, 269 [2020]).
Here, defense counsel may have had a strategic reason for not objecting to the victim's testimony concerning defendant's prior acts of domestic violence inasmuch as defense counsel may not have wished to call further attention to that brief testimony (see People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; People v Masi, 151 AD3d 1389, 1391 [3d Dept 2017], lv denied 30 NY3d 1062 [2017]). Defense counsel also may have had a strategic reason for not seeking a Buford inquiry, given the vague and generalized information regarding potential juror misconduct during the course of deliberations. The identification evidence at defendant's trial was based solely on the victim's testimony and defendant introduced evidence of an alibi. At the time that the allegation of possible juror misconduct arose, the jury had been deliberating for several hours and had requested readback of testimony and portions of the court's jury instructions. Thus, defense counsel may have opted to allow the jury to continue deliberating rather than seek a Buford inquiry inasmuch as defense counsel could reasonably have believed that there was a greater likelihood of acquittal if the course of deliberations was not interrupted (see generally People v Tineo-Santos, 160 AD3d 465, 466-467 [1st Dept 2018], lv denied 31 NY3d 1088 [2018]). Consequently, we conclude that defendant has failed to demonstrate the absence of legitimate explanations for defense counsel's alleged shortcomings (see generally People v Burton, 191 AD3d 1311, 1314-1315 [4th Dept [*2]2021], lv denied 36 NY3d 1095 [2021]). We have reviewed defendant's remaining allegation of ineffective assistance of counsel and conclude that it lacks merit.
Defendant's remaining contentions are unpreserved for appellate review (see generally CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court