People v Witherspoon (2022 NY Slip Op 06196)

People v Witherspoon

2022 NY Slip Op 06196

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

112817
[*1]The People of the State of New York, Respondent,
v
Altereak Witherspoon, Appellant.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Steven A. Feldman, Manhasset, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered December 1, 2020, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant pleaded guilty to the reduced charge of attempted assault in the second degree and purported to waive his right to appeal. Defendant was sentenced, in accordance with the plea agreement, to a prison term of 1&frac13; to 4 years and the mandatory fines and surcharges were imposed.[FN1] Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. During the plea colloquy, County Court did not clarify that some appellate rights survive the waiver of appeal and stated "that once we go to sentence and wrap this up that you are not going to try to appeal it." This directive was not ameliorated by the written waiver of appeal, which contained contradictory statements as to the surviving appellate rights. Considering the totality of the circumstances, we cannot conclude that defendant understood the nature of the appellate rights being waived (see People v Streater, 207 AD3d 952, 953-954 [3d Dept 2022]; compare People v Thomas, 34 NY3d 545, 564 [2019]).
Next, defendant's contention that his plea was not knowing, voluntary and intelligent because County Court failed to advise him of the deportation consequences of the guilty plea is not preserved for our review absent an appropriate postallocution motion (see People v Badmaxx, 178 AD3d 1205, 1206 [3d Dept 2019]). Even if, as urged by defendant, preservation is not required because defendant had no practical ability to object to the error as he was not informed or aware of the immigration consequences of the plea (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]), we would find defendant's contention unpersuasive. Defendant does not allege that he is subject to immigration or deportation consequences as a result of his guilty plea. Rather, the record reveals that defendant was born in Connecticut and is a United States citizen; these facts are not disputed (compare People v Palmer, 159 AD3d 118, 119-122 [1st Dept 2018]).
Defendant's further contention that County Court improperly sentenced him via an electronic appearance without record indication of defendant's consent is similarly unpreserved (cf. People v Diaz, 212 AD2d 412, 412 [1st Dept 1995]). Defendant urges that the procedure followed qualifies as a mode of proceedings error, and is thus not subject to preservation, but cites no authority for this classification (see People v Rossborough, 27 NY3d 485, 488-489 [2016]). New York courts have "been hesitant to expand the mode-of-proceedings-error doctrine" (People v Mack, 27 NY3d 534, 540 [2016]). Despite defendant's complaint of an alleged violation of a constitutional right, "a court's failure to adhere to a statutorily or constitutionally grounded procedural protection does not relieve the defendant of [*2]the obligation to protest" (id. [internal quotation marks and citation omitted]). Unlike "[m]ode of proceedings errors[, which] are not waivable and therefore require reversal even if the defense affirmatively consents to the court's action" (id. at 543; see People v Patterson, 39 NY2d 288, 295 [1976], affd 432 US 197 [1977]), the sentencing was, at that time, permissible with defendant's consent. The People have outlined the evolving series of executive orders issued to address the need for electronic appearances during the course of the COVID-19 pandemic (see Executive Order [A. Cuomo] Nos. 202.1 [9 NYCRR 8.202.1]; 202.28 [9 NYCRR 8.202.28]; 202.48 [9 NYCRR 8.202.48]; 202.60 [9 NYCRR 8.202.60]; 202.76 [9 NYCRR 8.202.76]; see also People v Jackson, 69 Misc 3d 1054, 1060-1062 [Sup Ct, Queens County 2020]). It is well established that a defendant's right to be present at sentencing may be waived (see People v Rossborough, 27 NY3d at 488-489). On this basis, we cannot find that "the procedure adopted by the court below is at a basic variance with the mandate of law" (People v Patterson, 39 NY2d at 296), and we decline to expand this limited exception to the preservation requirement in the circumstances presented. Accordingly, defendant's contention is subject to the preservation requirement, and, being unpreserved, is not properly before us. We decline to exercise our interest of justice jurisdiction to reverse on this basis.
Finally, to the extent that defendant challenges the voluntariness of the plea premised upon County Court allegedly imposing a fine at sentencing in violation of the terms of the plea agreement, defendant's contention is misplaced. No fine was imposed. Rather, the court imposed the mandatory surcharge, crime victim assistance fee and DNA database registration fee (see Penal Law § 60.35 [1] [a] [i], [v]). Such administrative fees "are not components of a defendant's sentence" (People v Hoti, 12 NY3d 742, 743 [2009]; accord People v Bowes, 206 AD3d 1260, 1268 [3d Dept 2022]; People v Ryan, 83 AD3d 1128, 1130 [3d Dept 2011]).
Lynch, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Under the terms of the plea agreement, the agreed-upon sentence was 2 to 4 years in prison. However, at the time of sentencing, the People were unable to provide a second felony offender statement. Following an off-the-record discussion, defendant consented to proceed with sentencing with the understanding that he would be sentenced to a prison term of 1&frac13; to 4 years.