People v McQuilla (2022 NY Slip Op 06288)

People v McQuilla

2022 NY Slip Op 06288

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

110213
[*1]The People of the State of New York, Respondent,
v
Raymond K. McQuilla, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Robert C. Kilmer, Binghamton, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley Jr., J.), rendered December 15, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
In September 2017, defendant was charged, by superior court information, with burglary in the third degree (see Penal Law § 140.20). Following waiver of indictment, defendant waived the right to appeal and pleaded guilty to this singular count with the understanding that he would be placed on interim probation and, upon successful completion thereof, would be sentenced to a five-year period of probation. If defendant did not successfully complete this period of interim probation, he faced a sentence of up to four years in prison. Defendant was subsequently arrested, and his interim probation was revoked because of the charges that stemmed therefrom. Defendant then consented to an indeterminate term of 1 to 3 years as to his present conviction in satisfaction of both this and the new charges, which would be dismissed. Following adjournments of sentencing for completion of the presentence investigation report, defendant was so sentenced. Defendant appeals.
Defendant's challenge to the voluntariness of the plea — premised upon his admission during the presentence investigation that he was under the influence of drugs and alcohol at the time of the commission of the crime — is unpreserved for review as defendant failed to make an appropriate postallocution motion despite having the opportunity to do so (see People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]; People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]). Despite these statements, "the narrow exception to the preservation rule is inapplicable because defendant failed to avail himself of the 'opportunity to seek relief from the sentencing court by moving to withdraw his plea based on his alleged intoxication defense'" (People v Fauntleroy, 206 AD3d 1347, 1347-1348 [3d Dept 2022] [brackets omitted], quoting People v Pastor, 28 NY3d 1089, 1090 [2016]; see People v Stafford, 195 AD3d 1466, 1467 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]). Nor did these statements obligate County Court to sua sponte conduct an inquiry into the possibility of such a defense (see People v Fauntleroy, 206 AD3d at 1348; People v Lorenzo-Perez, 203 AD3d 847, 848 [2d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Bailey, 158 AD3d 948, 949 [3d Dept 2018]). Moreover, defendant's ineffective assistance of counsel claim, based upon trial counsel's failure to raise an issue with these statements at sentencing, does not implicate the voluntariness of his plea and is, therefore, foreclosed by his unchallenged waiver of the right to appeal (see People v Murray, 197 AD3d 1355, 1356 [3d Dept 2021], lv denied 38 NY3d 929 [2022]; People v Golden, 171 AD3d 1357, 1357 [3d Dept 2019]). To the extent defendant's allegations that trial counsel failed to investigate [*2]an intoxication defense can be said to implicate the voluntariness of his plea, such are similarly unpreserved in the absence of an appropriate postallocution motion (see People v Silva, 205 AD3d 1226, 1227 [3d Dept 2022], lv denied 38 NY3d 1074 [2022]; People v Lende, 204 AD3d 1224, 1225 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.