People v Lomack (2023 NY Slip Op 03518)

People v Lomack

2023 NY Slip Op 03518

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

113326
[*1]The People of the State of New York, Respondent,
v
Qarayone Lomack, Appellant.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Eric M. Galarneau, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered June 18, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In June 2019, a Schenectady County grand jury indicted and charged defendant with one count of rape in the first degree and three counts of burglary in the second degree. After his initial release on bail was continued, defendant engaged in further criminal activity in Albany County in July 2019, which resulted in a five-count indictment charging defendant with, among other crimes, rape in the first degree and attempted kidnapping in the second degree as a sexually motivated felony. In December 2019, defendant pleaded guilty in Albany County to rape in the first degree and attempted kidnapping in the second degree as a sexually motivated felony and subsequently was sentenced to a prison term of 25 years, followed by 20 years of postrelease supervision, upon the rape conviction and to a lesser concurrent prison term upon the attempted kidnapping conviction. Defendant began serving that sentence in January 2020.
Shortly thereafter, the People afforded defendant the opportunity to plead guilty — in full satisfaction of the Schenectady County indictment — to rape in the first degree with the understanding that he would be sentenced to a prison term of 18 years followed by 25 years of postrelease supervision. The negotiated sentence would be served consecutively to the prison terms imposed in Albany County, and the plea agreement required defendant to waive his right to appeal. In February 2020, defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Due to the evolving COVID-19 pandemic, Supreme Court imposed the agreed-upon sentence via an electronic appearance in June 2020. This appeal ensued.[FN1]
Defendant initially contends that Supreme Court failed to undertake a sufficient inquiry in response to defendant's written statement to the Probation Department, wherein he claimed that he was "under the influence of heavy drugs" and was not in his "right state of mind" at the time of the underlying offense. To the extent that this can be construed as a challenge to the voluntariness of defendant's plea, such claim survives his unchallenged appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Sims, 207 AD3d 882, 884 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Rosario, 203 AD3d 1404, 1405 [3d Dept 2022], lv denied 38 NY3d 1035 [2022]). The narrow exception to the preservation requirement was not triggered, as defendant did not make any statements — either during the plea allocution or at the time of sentencing — that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Merritt, 210 AD3d 1209, 1209-1210 [3d Dept 2022]; People v See[*2], 206 AD3d 1153, 1155 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]). Additionally, defendant's "unsworn, postplea [written] statements to the Probation Department — to the extent that they were inconsistent with his admissions during the plea allocution — were unsubstantiated and did not impose a duty of further inquiry upon Supreme Court" (People v Clark, 209 AD3d 1063, 1064-1065 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 39 NY3d 1140 [2023]; see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]). That said, at sentencing, Supreme Court arranged for defendant and counsel to first confer in private about the statement, after which the court placed defendant under oath and questioned him regarding his state of mind and intent at the time of the incident. In response to Supreme Court's inquiries, defendant confirmed that he did in fact threaten the victim and that it was his intent to rape her. We are also unpersuaded that defendant's telephonic — as opposed to in-person — consultation with counsel deprived him of the ability to intelligently respond to the court's questioning.
Defendant's claim that the remote sentencing proceeding violated the provisions of CPL 182.30 (1) and/or 380.40 (1) also is unpreserved for our review, and the asserted error does not qualify as a mode of proceedings error obviating the need for preservation (see People v Witherspoon, 210 AD3d 1145, 1147 [3d Dept 2022], lv denied 39 NY3d 1076 [2023]). In any event, "[a]lthough CPL 380.40 protects a defendant's fundamental right to be present at sentencing, that fundamental right may be waived just as many other fundamental rights may be similarly waived" (People v Rossborough, 27 NY3d 485, 488-489 [2016] [internal citation omitted]; see People v Witherspoon, 210 AD3d at 1147; People v Lawhorn, 208 AD3d 1630, 1631 [4th Dept 2022], lv denied 39 NY3d 985 [2022]). Here, the record reflects that defendant expressly requested to have sentence imposed via electronic means and, after being apprised by Supreme Court of his statutory right to be physically present at sentencing (see CPL 380.40 [1]), defendant, who was in the custody of the Department of Corrections and Community Supervision, waived his right to appear in-person and consented to being sentenced remotely (see CPL 182.10 [2]). Contrary to defendant's assertion, and consistent with the plain language of CPL 182.10 (2), counsel did not have to be physically present with defendant at the time such right was waived in order for the waiver to be effective and the resulting electronic appearance to be permissible. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's challenge to the Albany County conviction is the subject of a separate appeal currently pending before this Court.