People v Bonilla (2023 NY Slip Op 04467)

People v Bonilla

2023 NY Slip Op 04467

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

113181
[*1]The People of the State of New York, Respondent,
v
Jonathan Bonilla, Appellant.

Calendar Date:August 17, 2023

Before:Egan Jr., J.P., Clark, Fisher and McShan, JJ.

Eric M. Galarneau, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered June 1, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the seventh degree, criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the fourth degree.
In September 2020, defendant was indicted and charged with one count of criminal possession of a controlled substance in the seventh degree, three counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. Although defendant was arraigned in-person shortly thereafter, subsequent conferences with and appearances before County Court were conducted virtually due to the restrictions imposed upon the Unified Court System occasioned by the COVID-19 pandemic.
In February 2021, defendant, who expressly consented to appearing virtually, agreed to plead guilty to the entire indictment with no sentencing commitment from County Court. After pleading guilty to the charged crimes, the matter was adjourned for sentencing until April 2021. In the interim, defendant, who had been released on his own recognizance, remained at liberty. Sentencing subsequently was adjourned until May 2021, at which time County Court learned that defendant had been arrested and was being held at Rikers Island. Although County Court issued a transport order and defendant was directed to personally appear for sentencing on June 1, 2021, defendant remained in custody at Rikers Island on that date and consented to being sentenced virtually. After declining to afford defendant, who was 17 years old at the time that the underlying crimes were committed, youthful offender status, County Court imposed a conditional discharge upon defendant's conviction of criminal possession of a controlled substance in the seventh degree. County Court further sentenced defendant to concurrent terms of imprisonment upon the remaining charges, the longest of which was four years, followed by a period of postrelease supervision. This appeal ensued.
We affirm. Defendant's sole argument upon appeal is that the virtual or remote plea and sentencing proceedings violated the provisions of CPL 182.30 (1), 220.50 (1) and/or 380.40 (1). This argument, however, is unpreserved for our review and, contrary to defendant's assertion, "the asserted error does not qualify as a mode of proceedings error obviating the need for preservation" (People v Lomack, 217 AD3d 1281, 1283 [3d Dept 2023]; see People v Witherspoon, 210 AD3d 1145, 1147 [3d Dept 2022], lv denied 39 NY3d 1076 [2023]). In any case, "[a]lthough CPL 380.40 protects a defendant's fundamental right to be present at sentencing, that fundamental right may be waived just as many other fundamental rights may be similarly waived" (People v Rossborough, 27 NY3d 485, 488-489 [2016[*2]] [internal citation omitted]; accord People v Lomack, 217 AD3d at 1283; see People v Witherspoon, 210 AD3d at 1147). This analysis applies with equal force to plea proceedings (see People v Lawhorn, 206 AD3d 1630, 1630-1631 [4th Dept 2022], lv denied 38 NY3d 1151 [2022]). Here, County Court expressly advised defendant, both at the outset of the plea colloquy and at the time of sentencing, of its willingness to adjourn the proceedings and arrange for defendant to appear in
person, as was his right under the relevant statutes. On each occasion, defendant waived his right to personally appear and consented to entering his plea and being sentenced via electronic means. As we recently observed, "counsel did not have to be physically present with defendant at the time such right[s] [were] waived in order for the waiver[s] to be effective and the resulting electronic appearance[s] to be permissible" (People v Lomack, 217 AD3d at 1283). To the extent that defendant's brief may be read as challenging the constitutionality of Executive Law § 29-a, such claim is unpreserved for our review (see generally People v Reese, 206 AD3d 1461, 1462 [3d Dept 2022]; People v Lancaster, 143 AD3d 1046, 1052 [3d Dept 2016], lv denied 28 NY3d 1147 [2017]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.