People v Wilkerson (2023 NY Slip Op 05759)

People v Wilkerson

2023 NY Slip Op 05759

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

112748
[*1]The People of the State of New York, Respondent,
v
Mansa Wilkerson, Appellant.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Carolyn B. George, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Schenectady County (Mark J. Caruso, J.), rendered January 25, 2019, convicting defendant upon his plea of guilty of the crime of criminally negligent homicide.
Defendant was charged in a five-count indictment with various charges, including manslaughter in the second degree. Following a suppression hearing, but prior to a decision thereon, defendant pleaded guilty to criminally negligent homicide in satisfaction of the indictment and purportedly waived the right to appeal. County Court thereafter sentenced defendant to the agreed-upon prison term of 1 to 3 years. Defendant appeals.
Initially, we find that defendant did not validly waive the right to appeal "as the written waiver is overbroad and inaccurate, and County Court did not overcome the overbroad language by ensuring that defendant understood that some appellate and collateral review survived an appeal waiver" (People v Faulkner, 217 AD3d 1143, 1143 [3d Dept 2023] [internal quotation marks, ellipsis, brackets and citations omitted]; see People v Faublas, 216 AD3d 1358, 1358 [3d Dept 2023], lv denied 40 NY3d 934 [2023]). Defendant's challenges to the voluntariness of his plea and his claim of ineffective assistance of counsel, to the extent it implicates the voluntariness of his plea, are unpreserved for our review as the record does not indicate that he made an appropriate postallocution motion (see People v Vilbrin, 183 AD3d 1012, 1013 [3d Dept 2020], lv denied 35 NY3d 1049 [2020]; People v White, 172 AD3d 1822, 1823-1824 [3d Dept 2019], lv denied 33 NY3d 1110 [2019]), and the narrow exception to the preservation rule was not triggered (see People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Defendant's remaining claim of ineffective assistance of counsel that is premised on counsel's representation at the suppression hearing is foreclosed by his guilty plea (see People v Darby, 206 AD3d 1165, 1169 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Burks, 187 AD3d 1405, 1408 [3d Dept 2020], lv denied 36 NY3d 1095 [2021]).
Clark, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.