People v Atkins (2023 NY Slip Op 06281)

People v Atkins

2023 NY Slip Op 06281

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

111847
[*1]The People of the State of New York, Respondent,
v
Michael Atkins, Appellant.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Craig S. Leeds, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered March 6, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a 12-count indictment stemming from drug-related possession and sales on multiple occasions, defendant pleaded guilty to the reduced, amended charge of attempted criminal sale of a controlled substance in the third degree. Pursuant to the plea agreement, which included a waiver of appeal, defendant was promised a prison sentence of four years to be followed by a period of postrelease supervision (hereinafter PRS) of between 1½ and 3 years. Supreme Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon prison term, to be followed by a period of PRS of three years. Defendant appeals.
Initially, defendant's challenge to the factual sufficiency of the plea allocution is precluded by his unchallenged appeal waiver (see People v Sablan, 177 AD3d 1024, 1027 [3d Dept 2019], lv denied 34 NY3d 1132 [2020]). While defendant's challenge to the voluntariness of his plea survives the unchallenged waiver of appeal (see People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]), it is unpreserved for our review in the absence of an appropriate postallocution motion raising these claims, and the narrow exception to the preservation rule is inapplicable (see People v Lopez, 71 NY2d 662, 665-668 [1988]; People v White, 217 AD3d 1283, 1284 [3d Dept 2023]). To the extent that defendant's claim is based upon his negative response to a compound question posed by Supreme Court during the plea allocution, the import of which response is subject to interpretation, we are satisfied from a reading of the plea proceedings as a whole that defendant's guilty plea was "a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]). To that end, Supreme Court clearly advised defendant of the plea terms, including the trial rights that he was relinquishing by his plea and the consequences of the plea. Further, the court afforded defendant multiple opportunities to confer with defense counsel to ensure that he understood the plea terms and his rights. Moreover, defendant pleaded guilty to a lesser crime as part of a plea bargain and was not required to personally recite its elements or engage in a factual recitation (see People v Goldstein, 12 NY3d 295, 300-301 [2009]; People v Sims, 207 AD3d 882, 884 [3d Dept 2022], lv granted 39 NY3d 1080 [2023]). Contrary to his claim, the record reflects that defendant understood that he was entering a guilty plea only to a reduced charge under count one, as amended on consent, and defense counsel's statement that the plea would satisfy all charges in the indictment, while inartfully phrased, did not misrepresent the plea terms.
Defendant's further claim that he received [*2]ineffective assistance of counsel, to the extent that it implicates the voluntariness of his plea, also survives the unchallenged waiver of appeal but is likewise unpreserved (see People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]). In any event, defendant's claims essentially mirror those raised and found to be meritless on his challenge to the voluntariness of his guilty plea. Moreover, defense counsel pursued pretrial motions, secured a very favorable plea deal that avoided a potential 15-year term of imprisonment (see Penal Law §§ 70.25 [2]; 70.70 [4] [b] [i]), advocated — albeit unsuccessfully — for the minimum period of PRS based upon defendant's age and apparent remorse (see Penal Law § 70.45 [2] [d]) and "nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Fish, 208 AD3d 1546, 1549 [3d Dept 2022] [internal quotation marks and citations omitted]; accord People v Graham, 214 AD3d at 1257). Finally, defendant's challenge to the agreed-upon prison term and lawful sentence (see Penal Law §§ 70.45 [2] [d]; 70.70 [4] [b] [ii]) as unduly harsh or severe is precluded by his waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Graham, 214 AD3d at 1258).
Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.