People v Osbourne (2024 NY Slip Op 00391)

People v Osbourne

2024 NY Slip Op 00391

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Ind. No. 1420/02 Appeal No. 1548 Case No. 2021-04400 

[*1]The People of the State of New York, Respondent,
v
Charles Osbourne, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellant Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered June 29, 2018, as amended August 9, 2018 and November 19, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of two years, with one year of postrelease supervision, unanimously affirmed.
We find no basis for vacating defendant's plea. Although the promised sentence was no longer authorized at the time of his 2021 resentencing due to the passage of the 2009 Drug Law Reform Act, the change in the law did not undermine the voluntariness of the plea, which is assessed at the time of the plea (see People v Collier, 22 NY3d 429, 435 [2013], cert denied 573 US 908 [2014]). In that regard, "the illegality of the promised sentence does not, in itself, render a defendant's guilty plea unknowing and involuntary" (People v Williams, 145 AD3d 100, 104 [1st Dept 2016], citing People v Williams, 87 NY2d 1014, 1015 [1996]). As we determined on his prior appeal, defendant was entitled to a remand for the imposition of a lawful sentence, but not vacatur of the plea, because the sentence comported with his legitimate expectations (People v Osbourne, 191 AD3d 561, 561 [1st Dept 2021], lv denied 37 NY3d 967 [2021]; see Collier, 22 NY3d at 433-434).
Defendant failed to preserve his claim that he was unlawfully sentenced because he did not consent to being resentenced via a virtual proceeding or waive his right to be physically present (see People v Witherspoon, 210 AD3d 1145, 1147 [3d Dept 2022], lv denied 39 NY3d 1076 [2023]), and we decline to address it in the interest of justice. As an alternative holding, we find that the interest of justice would not be served by remanding for a third sentencing proceeding as such proceeding would have to be conducted remotely due to defendant's deportation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024