People v Patterson (2024 NY Slip Op 00652)

People v Patterson

2024 NY Slip Op 00652

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

112674
[*1]The People of the State of New York, Respondent,
v
Robert Patterson, Appellant.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

John A. Cirando, Syracuse, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Philip A. Alvaro of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered September 21, 2020, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In February 2020, defendant was indicted and charged with promoting prison contraband in the first degree. Although defendant was arraigned in-person, subsequent appearances before County Court were conducted virtually as a result of the restrictions imposed upon the Unified Court System due to the COVID-19 pandemic. After the matter twice was adjourned to afford defendant additional time to consider the People's plea offer, defendant agreed to plead guilty to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years — to be served consecutively to the prison term defendant then was serving. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter imposed the agreed-upon term of imprisonment. This appeal ensued.
Defendant initially contends that, absent his express consent, the virtual plea and sentencing proceedings violated, among other provisions, CPL 182.30 (1). This argument, however, is unpreserved for our review (see People v Witherspoon, 210 AD3d 1145, 1147 [3d Dept 2022], lv denied 39 NY3d 1076 [2023]), "and the asserted error does not qualify as a mode of proceedings error obviating the need for preservation" (People v Lomack, 217 AD3d 1281, 1283 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; accord People v Bonilla, 219 AD3d 1094, 1095 [3d Dept 2023], lv denied 40 NY3d 1038 [2023]; see People v Witherspoon, 210 AD3d at 1147).
Defendant's challenge to the voluntariness of his plea, as well as his related claim of ineffective assistance of counsel (to the extent that it impacts upon the voluntariness of his plea), are unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Wilkerson, 221 AD3d 1187, 1188 [3d Dept 2023]; People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). Although defendant initially denied — during the course of the plea colloquy — that he possessed dangerous contraband and claimed that he was only defending himself from an attack by another incarcerated individual, in response to County Court's further questioning, defendant admitted each of the elements of the crime to which he pleaded guilty and acknowledged that he "possessed a weapon" (see People v Stafford, 195 AD3d 1466, 1467 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Young, 158 AD3d 955, 956 [3d Dept 2018], lv denied 31 NY3d 1090 [2018]). Under these circumstances, the narrow exception to the preservation requirement is inapplicable (see People v McQuilla, 210 AD3d 1191, 1191-1192 [3d Dept 2022]; People [*2]v Fauntleroy, 206 AD3d 1347, 1347-1348 [3d Dept 2022]), and defendant's subsequent and similar "statements to the Probation Department did not impose a duty on County Court to conduct a sua sponte inquiry concerning a potential . . . defense" (People v Fauntleroy, 206 AD3d at 1348; see People v Lomack, 217 AD3d at 1282-1283; People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]; People v Lorenzo-Perez, 203 AD3d 847, 848 [2d Dept 2022], lv denied 38 NY3d 1034 [2022]). Accordingly, the judgment of conviction is affirmed.
Clark, J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.