People v Head (2024 NY Slip Op 01356)

People v Head

2024 NY Slip Op 01356

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

113186
[*1]The People of the State of New York, Respondent,
v
Terrance Head, Appellant.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Erin C. Morigerato, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John D. Kelley of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered May 17, 2021, convicting defendant upon his plea of guilty of the crime of assault in the first degree.
Defendant was charged in a three-count indictment with attempted murder in the second degree, robbery in the first degree and assault in the first degree stemming from defendant stabbing the victim several times and forcibly stealing property. Defendant ultimately pleaded guilty to assault in the first degree in satisfaction of the indictment. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 10 years, followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant's various challenges to the voluntariness of his plea are not preserved for our review as the record does not reflect that an appropriate postallocution motion was made despite an opportunity to do so (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Vazquez, 222 AD3d 1104, 1105 [3d Dept 2023]; People v McQuilla, 210 AD3d 1191, 1191-1192 [3d Dept 2022]), and, notwithstanding defendant's contention to the contrary, we are unpersuaded that the narrow exception to the preservation requirement is implicated here (see People v Stevens, 217 AD3d 1280, 1280 [3d Dept 2023], lv denied 40 NY3d 952 [2023]). Although the initial attempt to complete a plea allocution was halted, and the matter was adjourned and placed on the trial calendar due to defendant making statements that negated an element of the crime or raised potential defenses during the plea colloquy, at the next court appearance, defendant assured County Court that he had conferred with counsel, understood the potential defenses and wished to accept the plea offer. The court then engaged in a detailed colloquy wherein it discussed the rights and potential defenses that defendant was forfeiting, which defendant affirmed he understood. Defendant then pleaded guilty to assault in the first degree, which the record reflects was entered without defendant making any statements suggestive of innocence or involuntariness (see People v Squitieri, 60 AD3d 1208, 1209 [3d Dept 2009], lv denied 13 NY3d 839 [2009]).
Defendant's further claim that he received the ineffective assistance of counsel, to the extent that it impacts the voluntariness of the plea, is likewise unpreserved as the record does not reflect any postallocution motion on this ground and, as noted previously, the exception to the preservation requirement is inapplicable (see People v Atkins, 222 AD3d 1043, 1044 [3d Dept 2023]; People v Dunbar, 218 AD3d 931, 933 [3d Dept 2023], lv denied 40 NY3d 950 [2023]). To the extent that defendant asserts that he did not expressly waive his right to appear in person at sentencing, this issue is also unpreserved (see People v Bonilla, 219 AD3d 1094, 1095 [3d Dept 2023], lv denied 40 NY3d 1038 [2023]). Finally, upon our review [*2]of the record and considering all of the relevant circumstances, we do not find the sentence imposed to be harsh or severe (see CPL 470.15 [6] [b]).
Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed.