People v Randolph (2024 NY Slip Op 05913)

People v Randolph

2024 NY Slip Op 05913

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

112223
[*1]The People of the State of New York, Respondent,
v
Robert W. Randolph, Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Christopher Hammond, Cooperstown, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered October 29, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In June 2018, defendant was arrested and found to be in possession of controlled substances and $5,516 in US currency in $1,000 bundles. He was subsequently charged in an indictment (indictment No. 18-535) with four counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and two counts of criminal possession of a controlled substance in the seventh degree. That indictment was consolidated with a prior six-count indictment (indictment No. 18-330) charging defendant with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, three counts of criminal possession of a weapon in the fourth degree and criminally using drug paraphernalia in the second degree. In a global disposition in satisfaction of both indictments as well as a pending superior court information (No. 18-431) and all pending traffic infractions, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and orally waived his right to appeal, supplemented by an executed written waiver form. Consistent with the terms of the negotiated plea agreement, County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of three years, to be followed by two years of postrelease supervision, and directed the forfeiture of $5,516. Defendant appeals.[FN1] We affirm.
Defendant initially contends that his plea must be vacated because, during the plea allocution, he did not admit to an intent to sell the drugs that were in his possession (see Penal Law § 220.16 [7]). However, "defendant's challenge to the factual sufficiency of the plea allocution is precluded by his unchallenged appeal waiver" (People v Atkins, 222 AD3d 1043, 1043 [3d Dept 2023], lv denied 41 NY3d 982 [2024]; see People v Lamondie, 220 AD3d 991, 992 n 2 [3d Dept 2023]), and therefore this issue is not properly before us.
Next, defendant argues that his plea was coerced, and therefore involuntary, because the People conditioned his three-year term of imprisonment and two-year period of postrelease supervision on his forfeiture of $5,516 seized from him at the time of his arrest. This challenge to the voluntariness of defendant's plea survives his waiver of appeal (see People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]), but is unpreserved for our review as he did not make an appropriate postallocution motion despite having opportunities to do so prior to sentencing (see People v Williams, 27 NY3d 212, 214 [2016]; People v Lopez, 71 NY2d 662, 665-668 [1988]; People v Matthews, 228 AD3d 1129, 1129 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 23[*2], 2024]).[FN2] To the extent that preservation is not required because County Court should have made a further inquiry upon hearing defendant say during a postplea appearance that the People "coerced [him] into forfeiting the $5,500 to get the deal . . . that [he] did not want to take" (cf. People v Lomack, 217 AD3d at 1282; People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]), defendant's other statements and the context in which that allegation was levied show that defendant's plea was not involuntarily entered.[FN3]
Preliminarily, defendant's coercion claim is belied by the plea colloquy, during which he denied being forced, coerced or threatened into pleading guilty (see People v Peterson, 225 AD3d 1098, 1099 [3d Dept 2024]). Indeed, prior to entering his plea, defendant acknowledged that he was "getting the reduced plea to surrender $5,500," and the prosecutor indicated the forfeiture was non-negotiable.[FN4] During the plea proceeding, the prosecutor stated that defendant would also forfeit an additional $2,300 seized in connection with indictment No. 18-330, but only if that money was still possessed by the police. Sentencing was scheduled for mid-October 2019. On October 18, 2019, a new prosecutor insisted that the forfeiture amount was $7,816 — the $5,516 defendant agreed to forfeit plus the disputed $2,300. Defendant asserted that the $2,300 had already been returned to him, and he did not want the People to seek that money in addition to the $5,516 he agreed to forfeit. County Court acknowledged defendant's concern and granted an adjournment to resolve the dispute. It was at the second postplea appearance on October 21, 2019 that defendant levied his coercion allegation, when the new prosecutor continued to insist on the $2,300. The court immediately adjourned again for the parties to resolve whether defendant was required to forfeit the additional $2,300. Sentencing occurred a week later, and the new prosecutor agreed that defendant's forfeiture was limited to $5,516; defendant did not reassert his coercion claim at sentencing. In our view, the court reasonably understood defendant's coercion allegation to have been prompted by the People's insistence on $2,300 more than what the global disposition required — which defendant ultimately did not forfeit — rather than a claim that he entered his plea under duress.
Notwithstanding the above-recited sequence of events, defendant urges us to apply "special scrutiny" to this case in view of the potential for prosecutors and the police to abuse forfeiture laws, highlighting the People's refusal to negotiate over the $5,516. The People are authorized by statute to condition a plea agreement on a defendant's consent to asset forfeiture (see CPL 220.50 [6]; People v Gaddy, 221 AD3d 1351, 1352 [3d Dept 2023], lv denied 41 NY3d 983 [2024]). Further, notwithstanding defendant's claim that he had "receipts" to prove the $5,516 was not connected to the drugs in his possession, that [*3]money was presumptively proceeds of a felony offense subject to forfeiture given the facts alleged here (see Penal Law §§ 480.05 [1]; 480.35 [1]; People v Sczepankowski, 293 AD2d 212, 215 [3d Dept 2002], lv denied 99 NY2d 564 [2002]). Thus, defendant assented to a permissible condition of a plea agreement satisfying multiple charging instruments in order to get the benefit of a brief term of imprisonment and postrelease supervision relative to his criminal history and sentencing exposure (see generally Penal Law § 70.70 [3]). At best, that arrangement "amounts to the type of situational coercion faced by many defendants who are offered a plea deal, and it does not undermine the voluntariness of defendant's guilty plea" (People v Sparbanie, 158 AD3d 942, 944 [3d Dept 2018] [internal quotation marks, brackets and citations omitted], lv denied 31 NY3d 1087 [2018]). Defendant's remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: In July 2023, defendant moved pursuant to CPL 440.10 (1) (b) and (h) to vacate the judgment of conviction, and County Court denied the motion, without a hearing. This Court denied defendant's motion for leave to appeal the denial of that motion. Therefore, "the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion" (People v Lowe, 166 AD3d 901, 904 [2d Dept 2018], lv denied 32 NY3d 1206 [2019]; see People v Robinson, 187 AD3d 1216, 1217 [2d Dept 2020]; People v Peterson, 178 AD3d 858, 859-860 [2d Dept 2019]).

Footnote 2: Defendant expressly disclaimed that he was making a motion to vacate his plea (cf. People v Crossley, 191 AD3d 1046, 1047 [3d Dept 2021], lv denied 37 NY3d 991 [2021]). Defendant told County Court he just wanted to preserve the coercion allegation "if [he] had to attempt to withdraw [his] plea again," and that he was making a record that he "had to pay $5,500 to get the deal." He did not make any attempt to vacate his plea until he filed a CPL 440.10 motion — which, contrary to defendant's understanding, is not a postallocution motion (see CPL 220.60 [3]).

Footnote 3: Irrespective of preservation, we decline defendant's invitation to take corrective action as a matter of discretion in the interest of justice (see People v Wimberly, 228 AD3d 1177, 1177 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 23, 2024]).

Footnote 4: Defendant also offered $10,000 in exchange for a sentence of time served.