People v Argueta (2024 NY Slip Op 06054)

People v Argueta

2024 NY Slip Op 06054

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2021-02841
 (Ind. No. 1262/19)

[*1]The People of the State of New York, respondent,
v
Mateo Argueta, appellant.

Joseph Z. Amsel, New York, NY, for appellant.
Anne T. Donnelly, Mineola, NY (Sarah S. Rabinowitz and Cristin N. Connell of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered April 12, 2021, convicting him of attempted criminal sexual act in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On March 15, 2021, the defendant appeared virtually before the Supreme Court to accept a plea offer. The defendant consented to his virtual appearance on the record. The defendant entered a plea of guilty to attempted criminal sexual act in the second degree. As a condition of the plea agreement, the defendant waived his right to appeal.
The defendant's claim that he did not knowingly, intelligently, and voluntarily consent to the virtual proceedings is unpreserved for appellate review (see People v Bonilla, 219 AD3d 1094, 1095). In any event, this contention is without merit, as the Supreme Court sufficiently obtained his consent to the virtual proceedings on the record.
The defendant's contention that his plea of guilty was not knowing, intelligent, and voluntary is also unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Pray, 183 AD3d 842, 842). In any event, that contention is also without merit. "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Mack, 168 AD3d 1100, 1101, quoting People v Garcia, 92 NY2d 869, 870 [internal quotation marks omitted]). "It is axiomatic that the court 'need not engage in any particular litany' in order to ensure that a defendant makes a 'knowing, voluntary and intelligent choice among alternative courses of action'" (People v Scott, 151 AD3d 1702, 1702, quoting People v Conceicao, 26 NY3d 375, 382). Here, the record of the plea proceeding demonstrates that the defendant's plea was a knowing, intelligent, and voluntary choice (see People v Ramos, 164 AD3d 922, 923; People v Scott, 151 AD3d at 1702).
The record further demonstrates that the defendant knowingly, willingly, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254). The defendant's [*2]valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see id. at 255-256).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court