People v Carden (2024 NY Slip Op 06082)

People v Carden

2024 NY Slip Op 06082

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CR-23-0195
[*1]The People of the State of New York, Respondent,
v
Jajuan Carden, Appellant.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Amanda FiggsGanter, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Albany County (Andra L. Ackerman, J.), rendered August 1, 2022, convicting defendant upon his plea of guilty of the crime of bail jumping in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with bail jumping in the second degree. He pleaded guilty to that crime and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced, as a second felony offender, to a prison term of 2 to 4 years, to run concurrently to a sentence imposed on another charge.[FN1] Defendant appeals.
Initially, defendant's challenge to the voluntariness of his guilty plea — based in part upon the alleged ineffective assistance of counsel — survives his unchallenged appeal waiver (see People v Nolan, 224 AD3d 996, 997 [3d Dept 2024], lv denied 42 NY3d 929 [2024]; People v Dickerson, 198 AD3d 1190, 1192 [3d Dept 2021]). Nevertheless, his claim in this regard is unpreserved, as the record does not disclose that he made an appropriate postallocution motion despite having the opportunity to do so, and the narrow exception to the preservation rule is inapplicable (see People v Atkins, 222 AD3d 1043, 1043 [3d Dept 2023], lv denied 41 NY3d 982 [2024]; People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]). To the extent that defendant's ineffective assistance of counsel claim does not impact upon the voluntariness of his plea, it is precluded by his unchallenged appeal waiver (see People v McQuilla, 210 AD3d 1191, 1192 [3d Dept 2022]; People v Golden, 171 AD3d 1357, 1357 [3d Dept 2019]). Defendant's challenge to the severity of the agreed-upon sentence is likewise precluded by his waiver of the right to appeal (see People v Sutton, 221 AD3d 1185, 1187 [3d Dept 2023], lv denied 41 NY3d 967 [2024]; People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]).
Aarons, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: As part of the negotiated plea deal that resolved numerous other charges, defendant also pleaded guilty to criminal possession of a weapon in the second degree, and that conviction is the subject of a separate appeal (People v Carden, ___ AD3d ___ [3d Dept 2024] [decided herewith]).