People v Melendez (2025 NY Slip Op 01679)

People v Melendez

2025 NY Slip Op 01679

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

113317
[*1]The People of the State of New York, Respondent,
v
Joshua R. Melendez, Also Known as Joshue Melendez and Tarzan Stone, Appellant.

Calendar Date:February 7, 2025

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

John R. Trice, Elmira, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered January 5, 2022, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted robbery in the first degree. Pursuant to the plea agreement, which required that defendant waive his right to appeal, defendant was to be sentenced, as a second felony offender, to a prison term of eight years, to be followed by five years of postrelease supervision, and that sentence was to run concurrently with a prison term he was then serving on a violation of probation. County Court thereafter imposed the agreed-upon sentence, and defendant appeals.
We affirm. As an initial matter, we agree with defendant that his waiver of appeal is invalid. As our review of the record confirms and the People concede, the written waiver of appeal that defendant signed is overly broad and contains contradictory statements regarding the surviving appellate rights and, to that end, we have previously found an identical written waiver of appeal to be invalid (see People v Witherspoon, 210 AD3d 1145, 1146 [3d Dept 2022], lv denied 39 NY3d 1076 [2023]). County Court's oral colloquy was not sufficient to cure the deficiencies, incorrectly advising defendant that his agreement to waive his right to appeal meant that "you won't appeal it once we go to sentence" (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Witherspoon, 210 AD3d at 1146). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Arthur, 228 AD3d 1133, 1134 [3d Dept 2024], lv denied 42 NY3d 969 [2024]).
Defendant argues that the sentence is harsh and excessive in that he had an unstable childhood and has mental health conditions and a learning disability that warrant a reduction in the agreed-upon sentence. However, defendant had previously been convicted of two counts of robbery in the third degree for which he was on probation at the time of this violent offense, committed shortly before he reached the age of 19. This offense involved defendant attempting to forcibly steal a dirt bike from the victim when they met up for defendant to purchase the bike and, during the struggle, defendant stabbed the victim in the head with a knife causing serious, potentially lifelong injuries. Defendant received a prison sentence at the lower end of that permitted [FN1] for this class B violent felony (see Penal Law § 70.06 [1] [a]; [6] [b]; see also Penal Law § 70.02 [1] [a], [b]), reflecting a measure of sentencing leniency that took into account the mitigating circumstances in his background. Contrary to his contention, although he pleaded guilty to one count in the indictment, he minimized his conduct during the presentence investigation and, given his criminal history and the [*2]circumstances surrounding this crime, we do not find that the negotiated sentence is unduly harsh or severe and decline his request to reduce it in the interest of justice (see CPL 470.15 [6] [b]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The five-year period of postrelease supervision was mandatory (see Penal Law § 70.45 [2]).